IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Tron Anderson, | ) C/A No. 2:13-1115-JFA-BHH |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Warden J.C. Holland, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

Petitioner, Tron Anderson ("Petitioner"), a self-represented federal prisoner housed in the United States Penitentiary McCreary ("USP McCreary") of the Federal Bureau of Prisons ("BOP"), in Pine Knot, Kentucky, has filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This habeas action was transferred to this Court from the United States District Court for the Eastern District of Kentucky on April 25, 2013. *See* Order, ECF No. 3. This matter is before the Court pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (DSC) for initial screening. Having reviewed the instant Petition and applicable law, the Court finds that it should be summarily dismissed, without prejudice.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 ("AEDPA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of*

*Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts;  *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v.*

2

*Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Petitioner seeks to challenge his March 17, 2003 state court convictions for possession with intent to distribute crack in proximity of a school, possession with intent to distribute marijuana in proximity of a school, and distribution of crack, after pleading guilty in South Carolina's Second Judicial Circuit Court of General Sessions in Barnwell County, and Petitioner's sentence of ten years imprisonment. As grounds, Petitioner asserts that his attorney never informed him that his state court convictions could be used in future federal court matters to enhance his criminal history category and could ultimately enhance a federal sentence. According to Petitioner, had he known this, he would not have pled guilty to the charges in South Carolina state court, but would have insisted on going to trial. *See* Petition, ECF No. 1, p. 17.

Petitioner alleges that he did not pursue a direct appeal and that he has not previously filed a petition for state post-conviction relief. Petitioner alleges that he did not have a federal sentence at the time of his state court convictions. As to the timeliness of the instant § 2254 petition, Petitioner alleges:

> Movant was misadvised by attorney about issues that would be raised on appeal or his initial post conviction collateral review proceedings. He should be allowed to proceed in light of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) due to ineffective assistance. Therefore he shouldn't be time barred.

Petition, ECF No. 1, p. 14. Petitioner asks that this Court "set aside plea as null and void vacate judgment of conviction & sentence as the interest of justice would be served." *Id.*, p. 16. Petitioner alleges that he seeks to challenge:

3

> [w]hether attorney was ineffective assistance of counsel for failure to admonish movant before plea entry that state court conviction could be used in a subsequent proceeding under United States Sentencing Guidelines 4B1.4 Armed Career Criminal Act to enhance his sentence under federal law, rendered his plea unintelligent and involuntary in violation of his Fourteenth Amendment right to effective assistance of counsel and his Fifth Amendment right to know the consequences of plea as required by due process guaranteed by the federal constitution in light of *Martinez v. Ryan*, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012)?

Petition, ECF No. 1, p. 17.

The undersigned takes judicial notice of the fact that the federal sentence which Petitioner is currently serving was imposed upon him in *United States v. Anderson*, C/A No. 1:03-cr-1140-MBS (D.S.C.) on February 24, 2005.[1] In C/A No. 03-1140, Petitioner pled guilty in this Court, on June 29, 2004, to possession of a firearm by a convicted felon, and was sentenced, on February 24, 2005, to a sentence of 188 months imprisonment in the custody of the BOP, to run consecutive to the undischarged state sentence that Petitioner was then serving. *See* C/A No. 03-1140, ECF Nos. 26, 36. Petitioner filed a notice of appeal on March 2, 2005. On appeal, Petitioner alleged that this Court unreasonably imposed his federal prison sentence to run consecutive to, rather than concurrent with, his state prison sentence. Petitioner argued that it was not clear whether this Court recognized that it was not required to impose a consecutive sentence under U.S.S.G. § 5G1.3(a). Petitioner also argued that this Court erred because it did not reference the factors set forth in U.S.S.G. § 3553(a). On November 14, 2005, the United States Fourth Circuit Court of Appeals issued an opinion affirming the sentence imposed by this Court, finding that this

---

[1] *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Court "was adequately informed of the discretion it had to impose a concurrent sentence," and "of the factors set forth in § 3553(a)." *See* C/A No. 03-1140, ECF No. 45.

The undersigned takes further judicial notice that Petitioner previously filed a § 2254 petition in this Court on June 23, 2008, in *Anderson v. Bodison*, C/A No. 8:08-2260-SB-BHH (D.S.C.), in which Petitioner challenged these same March 17, 2003 state court convictions, alleging the ineffectiveness of his plea counsel.[2] In C/A No. 08-2260, the § 2254 petition was served upon the respondent, who filed a return and motion for summary judgment, alleging that the petition was untimely and that Petitioner's ineffectiveness of counsel claim lacked merit. Petitioner was ordered to respond to the summary judgment motion but, after being granted an extension of time in which to respond, failed to do so. A report and recommendation was filed, recommending that the petition be dismissed. Petitioner was granted an extension of time in which to file objections to the report and recommendation, but failed to do so. The § 2254 petition in C/A No. 08-2260 was dismissed, with prejudice, on March 31, 2009, for failure to prosecute and failure to comply with this Court's orders. *See* C/A No. 08-2260, ECF No. 29. Petitioner appealed this Court's judgment to the United States Fourth Circuit Court of Appeals. The Fourth Circuit denied a certificate of appealability and dismissed the appeal on July 30, 2009. *See* C/A No. 08-2260, ECF No. 34.

On October 2, 2008, while Petitioner's § 2254 habeas petition in C/A No. 08-2260 was pending, Petitioner also filed a § 2241 habeas petition, in *Anderson v. Bodison*, C/A

---

[2] *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records.").

5

No. 8:08-3295-SB-BHH (D.S.C.), alleging that his federal sentence under the Armed Career Criminal Act ("ACCA") was illegal because one of his prior violent felonies was actually a non-violent state court conviction for possession of marijuana with intent to distribute. Petitioner was in the custody of the BOP in USP McCreay at the time he filed the petition in October 2008. On December 18, 2008, the Court entered an order in C/A No. 08-3295 re-characterizing Petitioner's § 2241 petition as a motion pursuant to 28 U.S.C. § 2255 and ordering that the motion be filed in Petitioner's criminal case, C/A No. 03-1140.

On February 11, 2009, in C/A No. 08-3295, this Court granted Petitioner's request to withdraw his § 2241 petition, and denied his request to amend his § 2254 petition in C/A No. 08-2260, advising Petitioner that he must file a motion to amend in that action. Likewise, the Court ordered that, if Petitioner wished to amend the § 2255 motion which had been filed on December 18, 2008 in C/A No. 03-1140 per the Court's order, Petitioner would need to file a motion to amend in that case. *See* C/A No. 08-3295, ECF No. 22. On May 3, 2010, Petitioner's § 2255 motion was dismissed as untimely and lacking merit. *See* C/A No. 03-1140, ECF No. 62.[3]

---

[3] This Court found that Petitioner had three previous "serious drug offenses" on his criminal record, including: (1) a conviction for distribution of marijuana within the proximity of a school; (2) a conviction for possession with intent to distribute marijuana within the proximity of a school; and (3) a conviction for distribution of crack cocaine within the proximity of a school. This Court found that each of Petitioner's three previous "serious drug offenses" occurred on different occasions and all three "serious drug offenses" were punishable by a maximum term of imprisonment of ten years or more. This Court determined that Petitioner's pre-sentence report showed that, Petitioner (1) distributed marijuana within ½ mile of a school on November 9, 1999 and December 10, 1999, (2) possessed, with the intent to distribute, marijuana within ½ mile of a school on December 27 and 28, 2001; and (3) distributed crack cocaine within ½ mile of a school on May 13, 2002. *See* C/A No. 03-1140, ECF No. 62, p. 5.

**DISCUSSION**

The AEDPA limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief.[4] *See* 28 U.S.C. §2244(b). Section 2244(b) states: "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[5]

"[N]ot every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA." *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006). For example, when an initial habeas petition is denied on procedural grounds, such as failure to exhaust state remedies, and is not adjudicated on the merits, a subsequent habeas petition is not "second or successive." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Furthermore, a numerically second habeas petition is not "second or successive" if there is a "new judgment intervening between the two habeas petitions." *Magwood v. Patterson*, 130 S. Ct. 2788, 2802 (2010). A petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law, *see* 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the petitioner can make a *prima facie* showing of both cause and prejudice within

---

[4] The issue of successiveness of a habeas petition may be raised by the court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997); *Latimer v. Warden*, No. 6:10-721-JFA-WMC, 2010 WL 2720912 (D.S.C. July 08, 2010).

[5] Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts reiterates this requirement, stating that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals, authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."

7

the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii).  *See Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000).  Even if a petitioner's grounds for relief satisfy these strict requirements, the appropriate appellate court is the proper tribunal to make the decision when authorization is requested, not the district court.  "The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

Dismissal for procedural default is a dismissal on the merits for the purpose of determining whether a habeas petition is successive, *Harvey v. Horan*, 278 F.3d 370, 379-80 (2002) abrogated on other grounds by *Skinner v. Switzer*, 131 S. Ct. 1289 (2011), whereas a second habeas petition is not successive if the claim raised in the first petition was dismissed by the district court as premature.  *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-45 (1998).  To be considered successive, the second or subsequent petition must be a second attack on the same conviction, and the first petition must have been finally adjudicated on the merits.  *See In re Williams*, 444 F.3d at 236.  In C/A No. 08-2260, this Court dismissed Petitioner's prior § 2254 petition "for failure to prosecute and for failure to comply with the Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure."  C/A No. 08-2260, ECF No. 29, p. 2.  Therefore, because Petitioner's prior § 2254 petition was "adjudicated on the merits," the instant Petition is "successive" for purposes of 28 U.S.C. §2244(b).

Here, Petitioner alleges no newly discovered evidence.  The events giving rise to Petitioner's ineffective assistance of counsel argument occurred either during his guilty pleas or his state PCR proceedings which concluded on or before May 22, 2008.  *See* C/A

No. 08-2260, ECF No. 15, p. 9. Petitioner's allegations do not alter the AEDPA's limits on this Court's consideration of successive habeas petitions. Petitioner argues that a new United States Supreme Court case, *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), entitles him to a review of his ineffective assistance of counsel claim. Petition, ECF No. 1, p. 17; 28 U.S.C. §2244(b)(2)(A). However, *Martinez* does not provide authorization under §2244(b)(2)(A) because it is an equitable ruling which did not establish a new rule of constitutional law. *See United States v. Barber*, 5:05cr15-1, 2012 WL 3990243, at *1 n.2 (W.D.W. Va. Sept. 10, 2012) (citing *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012)). Therefore, Petitioner's Petition remains "successive" despite his citation to *Martinez*.

Petitioner asserts a different aspect of alleged ineffectiveness of counsel , *i.e.* failure to advise of potential adverse collateral consequences of his state court guilty pleas and convictions in a subsequent federal criminal proceeding, while his prior § 2254 petition alleged his counsel's ineffectiveness for failing to inform Petitioner that his conduct might not have satisfied all of the elements of the state crimes of which Petitioner was convicted. *See* C/A No. 08-2260, ECF No. 15, p. 4. Nevertheless, the instant Petition is still "successive" as it attacks the same conviction and is based on information available to Petitioner when he filed his first petition. *See Williams*, 444 F.3d at 236. Furthermore, to the extent that Petitioner alleges the ineffectiveness of counsel in his state PCR proceedings, such a claim is not a ground for relief in a proceeding arising under § 2254. 28 U.S.C. § 2254(I).

Pursuant to the cited statute and rule, when a petitioner has previously litigated a § 2554 petition, he or she must, "[b]efore a second or successive application permitted by

this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). As the Fourth Circuit explained in *In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004), the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals." *See also In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [(the Fourth Circuit Court of Appeals)] under the standard established in section 2244(b)(3)(C)."); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization [from the court of appeals], the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

It is apparent on the face of his Petition that Petitioner has not filed such a motion in the appropriate court of appeals, and such an order making the required determination to authorize this Court to consider this second § 2254 petition has not been issued. Consequently, this Court has no jurisdiction to consider the instant Petition and Petitioner is barred from attacking his state court convictions and sentences in this Court.

## RECOMMENDATION

Accordingly, it is recommended that the instant Petition be dismissed without prejudice and without requiring Respondent to file a return. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent).

Petitioner's attention is directed to the important notice on the next page.

                    s/Bruce Howe Hendricks
                    United States Magistrate Judge

May 6, 2013
Charleston, South Carolina

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>    **Larry W. Propes, Clerk**
>    **United States District Court**
>    **Post Office Box 835**
>    **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).