UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tron Anderson, | ) | C/A No. 2:13-1115-JFA-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Warden J.C. Holland, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Tron Anderson, is a federal inmate housed in the United States Penitentiary in Kentucky. This action was transferred to this District from the United States District Court for the Eastern District of Kentucky on April 25, 2013. The petitioner is challenging his 2003 state court conviction which was used to enhance his federal conviction.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that this action should be dismissed because the petitioner has not received permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition. The Magistrate Judge further notes that the petitioner has previously raised a challenge to his state conviction in *Anderson v. Bodison,* C/A No. 8:08-2260-SB-BHH (D.S.C. June 23, 2008), wherein the court dismissed the petition with prejudice for failure

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

to prosecute and failure to comply with the court's orders. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation, however, he has not done so and the deadline has now expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Magistrate Judge is correct in her opinion that the claims raised in this petition, and construed under § 2254, are successive. As the petitioner has not received permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition, this court is without authority to entertain it. 28 U.S.C. § 2244 and *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.")

After a careful review of the record, the applicable law, and Report and Recommendation, the court finds the Magistrate Judge's recommendation proper and it is incorporated herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2).[2]

    IT IS SO ORDERED.

*Joseph F. Anderson, Jr.* (signature)

Joseph F. Anderson, Jr.
United States District Judge

August 19, 2013
Columbia, South Carolina

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."

3